IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANICE GRABLE,<br><br>                    Plaintiff,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION,<br><br>                    Defendant. | Case No. |

## DEFENDANT BOSTON SCIENTIFIC CORPORATION'S NOTICE OF REMOVAL

TO:    COURT OF COMMON PLEAS OF PHILADELPHIA
          Office of the Prothonotary
          First Judicial District of Pennsylvania
          Room 284 City Hall
          Philadelphia, PA 19107

          Lee B. Balefsky, Esq.
          Michelle L. Tiger, Esq.
          KLINE & SPECTER
          1525 Locust Street
          Philadelphia, PA 19102

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant Boston Scientific Corporation ("BSC") timely removes this action titled *Janice Grable v. Boston Scientific Corporation* from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.[1] This Court has original jurisdiction under 28 U.S.C. §§1332 and 1441 *et seq.* Complete diversity of citizenship exists between Plaintiff and BSC, the only remaining parties, and it is evident from both the Master Long Form Complaint filed in the Pelvic Mesh Mass Tort Program (the "Pelvic Mesh MTP") and the Short Form Complaint filed in the instant action that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In support of removal, BSC further states as follows:

## I. INTRODUCTION AND FACTUAL BACKGROUND

### A. Philadelphia Court of Common Pleas Procedural History

1. The Court of Common Pleas of Philadelphia County (the "State Court") entered an Order on February 11, 2014 forming the Pelvic Mesh Mass Tort Program (the "Pelvic Mesh MTP") to coordinate all pelvic mesh matters under the same master docket. *See* Order, attached hereto as part of Exhibit A. On March 31, 2014, the State Court entered Case Management Order Number 1 ("CMO 1") which (1) required all plaintiffs to file one Master Long Form Complaint ("MLFC") containing the Plaintiffs' general allegations against Defendants; (2) directed each defendant to file a Master Answer to the MLFC; and (3) required each individual plaintiff to file a Short Form Complaint indicating which allegations and causes of action from the MLFC are adopted in each individual case. *See* CMO 1, attached hereto as part of Exhibit A.

---

[1] By removing this action to this Court, BSC does not waive any defenses, objections, or motions available under state or federal law. BSC expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal based on lack of personal jurisdiction, improper venue, and/or the doctrine of *forum non conveniens*.

CMO 1 also provided that all cases initiated subsequent to the entry of CMO 1 were to be initiated via Writ of Summons. *See id.*

2. On June 27, 2014, Plaintiff Janice Grable ("Plaintiff"),[2] a citizen of the State of Washington, initiated a lawsuit in the Pelvic Mesh MTP via Writ of Summons (the "Writ") titled *Grable v. Boston Scientific Corporation,* June Term 2014, No. 4045. *See* Writ of Summons, attached hereto as part of Exhibit B. BSC was served with the Writ on July 17, 2014. *See* Exhibit B.

3. Plaintiffs in the Pelvic Mesh MTP filed their MLFC on May 14, 2014. *See* MLFC, attached hereto as Exhibit C. BSC filed its Master Answer on September 23, 2014.[3] *See* BSC Master Answer, attached hereto as Exhibit E.

4. Plaintiffs' MLFC, as well as Plaintiff Janice Grable's Writ, included Secant Medical, Inc., Secant Medical LLC, and Prodesco, Inc. (collectively referred to as "Secant") as defendants.[4] *See* Exhibits B and C. However, on August 22, 2014, the State Court entered an Order dismissing all claims against Secant. *See* Order Dismissing Secant, attached hereto as Exhibit D.

---

[2] In her Writ of Summons, Plaintiff Janice Grable is the only listed Plaintiff. When the Short Form Complaint was filed, both Janice Grable and William Grable were listed as Plaintiffs.

[3] BSC's Master Answer asserted affirmative defenses in the form of New Matter. BSC also filed Preliminary Objections to the Master Complaint which were overruled without prejudice by the State Court on September 2, 2014. *See* Order, attached hereto as Exhibit F.

[4] BSC removed numerous similar matters from the State Court based on diversity jurisdiction. BSC argued that Secant's citizenship should be disregarded because it had been fraudulently joined. Specifically, Secant was immune from liability under the Biomaterials Access Assurance Act ("BAAA"). *See* 21 U.S.C. § 1601, et seq. These matters were transferred to the MDL, and many of the actions were subsequently remanded. BSC and Plaintiffs then entered into a joint stipulation to remand the remaining cases involving Secant. The cases were then transferred to the State Court and were designated under the Pelvic Mesh MTP.

5. On October 8, 2014, Plaintiffs Janice Grable and William Grable filed a Short Form Complaint which sets forth the factual basis for their claims against BSC. *See* Plaintiffs' Short Form Complaint, attached hereto as Exhibit G. Plaintiffs served their Short Form Complaint on BSC on October 9, 2014. *See id.*

6. Plaintiffs allege that on or about November 19, 2012, Plaintiff Janice Grable ("Plaintiff Wife") was implanted with one or more pelvic mesh devices manufactured by BSC, specifically the Uphold Vaginal Support System and the Obtryx Transobturator Mid-Urethral Sling System (collectively, the "Product"), for the treatment of cystocele and stress urinary incontinence by her surgeon at Legacy Salmon Creek Medical Center in Vancouver, Washington. *See* Exhibit G ¶¶ 3-5, 7. Plaintiff Wife further alleges that she sustained injury related to the Product. *See* Exhibit C ¶ 72.

### B. Procedural Status of Federal Pelvic Mesh Cases

7. This case is one of thousands of similar cases pending against BSC in federal courts across the country in which plaintiffs seek relief in connection with the implantation of various BSC pelvic mesh products. On February 7, 2012, the United States Judicial Panel on Multi-District Litigation ("JPML") issued an order, pursuant to 28 U.S.C. § 1407, transferring all federal pelvic mesh cases pending against BSC as of November 28, 2011 to the Honorable Joseph R. Goodwin, who presides over the United States District Court for the Southern District of West Virginia, for coordinated pretrial proceedings. *See In re: Am. Med. Sys., Inc., Pelvic Repair System Prods. Liab. Litig.*, 844 F. Supp. 2d 1359, 1360-61 (J.P.M.L. 2012) (explaining that common "factual issues arising from allegations of defects in pelvic surgical mesh products" existed and that centralization would "serve the convenience of the parties and witnesses and

promote the just and efficient conduct of this litigation"). There are currently more than 15,000 cases pending against BSC in MDL No. 2326, *In re: Boston Scientific Corp., Pelvic Repair Sys. Prods. Liab. Litig.* In these cases — which are substantially similar to the present action — jurisdiction is based on diversity of citizenship and an amount in controversy exceeding $75,000.00. BSC intends to seek the transfer of this action to MDL No. 2326 and will provide the JPML with notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules shortly after the filing of this Notice.

## II.   DEFENDANT BSC HAS SATISFIED THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

8.   The Court of Common Pleas of Philadelphia County, Pennsylvania, is located within the Eastern District of Pennsylvania, *see* 28 U.S.C. §118(a), and venue for this action is proper in this Court because the Eastern District of Pennsylvania is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

9.   Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon and by Defendants related to this action are attached as Exhibits A through G.

10.   On August 22, 2014, prior to Plaintiffs' filing and service of the Short Form Complaint, Secant was dismissed with prejudice from all cases pending in the Pelvic Mesh MTP pursuant to the BAAA.[5] *See* Exhibit D. Secant's dismissal renders the remaining parties in this action diverse. Removal is therefore proper under 28 U.S.C. §1446(b)(1).

---

[5]   Plaintiffs improperly names Secant in their Short Form Complaint. Secant was dismissed with prejudice from all cases pending in the Pelvic Mesh MTP, including the instant action, on August 22, 2014, prior to Plaintiffs filing their Short Form Complaint on October 8, 2014. *See* Exhibit D ("The Court's ruling on the *Master Preliminary Objections* will be binding on all current and future Pelvic Mesh Cases."); *See* Exhibit G. Plaintiffs' naming of Secant as a party in the Short Form Complaint is therefore disregarded.

5

11. Removal is timely. Under 28 U.S.C. §1446(b)(1), the notice of removal must be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Plaintiffs served the initial pleading, their Short Form Complaint, on October 9, 2014, *see* Exhibit G, and BSC removes within thirty days of service of the initial pleading.

12. Immediately following the filing of this Notice of Removal, written notice of its filing will be delivered to Plaintiff's counsel, and BSC will promptly file a copy of this Notice with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania as required by 28 U.S.C. §1446(d).

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1332(a).

13. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. The Amount in Controversy Requirement Is Satisfied.

14. Pursuant to 28 U.S.C. §1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[6]

---

[6] The preponderance of the evidence standard was enacted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. REP. NO. 112-10, at 15 (2011). Accordingly, the "defendants do not need to prove to a legal certainty that the

6

15. When a plaintiff fails to expressly state the amount of damages he seeks, "a court looks to the totality of the circumstances" to determine whether the minimum amount in controversy has been met. *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 968 (S.D. W. Va. 2011) (Goodwin, J.). Factors to examine include "the type and extent of the plaintiff's injuries," "the possible damages recoverable . . . including punitive damages," and "the amounts awarded in other similar cases." *Bentler v. Haner*, Civ. A. No. 2:11-cv-00481, 2011 WL 5102675, *2 (S.D. W. Va. Oct. 25, 2011) (Goodwin, J.) (quoting *Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D. W. Va. 1997). In this case, these three considerations prove that Plaintiff seeks well over $75,000.00.

16. First, Plaintiffs claims that Plaintiff Wife has been "catastrophically" injured and "sustained severe and permanent pain, suffering, disability, impairment, [and] loss of enjoyment of life . . . ." Ex. C ¶¶ 116, 122, 129, 134; Ex. G (adopting Counts I-XVII of the MLFC); *see also* Ex. C ¶¶ 137, 168, 176, 184, 189, 193, 206, and 216 (alleging to suffer from severe, significant, and permanent injury). Catastrophic, severe, and permanent injuries undoubtedly support a conclusion that Plaintiffs seeks well over $75,000.00 in damages.

17. Further, Plaintiffs seeks both compensatory and punitive damages in each of the seventeen counts they has alleged against BSC. *See* Exhibit C; *see also* Exhibit G ¶ 12 (adopting seventeen counts from the MLFC). Claims for punitive damages "inevitably inflate[] a plaintiff's potential recovery." *Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D. W. Va. 2000). Accordingly, Plaintiff's allegation of entitlement to punitive damages in seventeen separate counts further proves that the amount in controversy exceeds $75,000.00.

---

amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

18.     The damages awarded to plaintiffs in similar federal cases also demonstrates Plaintiffs' intent to seek over $75,000.00. *See Huskey v. Ethicon, Inc.*, No. 2:12-cv-05201 (S.D. W. Va. 2014), ECF No. 402, 431 (returning a verdict against Ethicon for strict liability and negligence claims related to the implantation of a pelvic mesh device); *Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195 (S.D. W. Va. 2013), ECF No. 436, 449 (returning a verdict against C.R. Bard for claims related to the implantation of a pelvic mesh device). The fact that other similarly situated plaintiffs have received verdicts for more than the minimum amount-in-controversy in similar cases demonstrates the instant Plaintiffs' intent to seek over $75,000.00.

19.     Finally, there are thousands of similar cases pending in the MDL in the Southern District of West Virginia in which Plaintiffs have met the minimum amount-in-controversy such that a federal court can exercise diversity jurisdiction over those cases. In fact, Plaintiffs' Master Long Form Complaint in the *In re Boston Scientific Corp. Pelvic Repair System Products Liability Litigation* specifically states that "the amount in controversy exceeds $75,000.00." No. 2:12-md-02326 (S.D. W. Va. Aug. 22, 2012), ECF No. 178. The instant MLFC and SFC include almost identical factual allegations and causes of action, and therefore Plaintiff clearly intends to seek over $75,000.00.

20.     Because of Plaintiffs' allegation of severe and permanent injuries, assertion of entitlement to punitive damages, and the outcome and pleadings of similar cases, the totality of the circumstances requires this Court to conclude that Plaintiffs seek in excess of $75,000.00, exclusive of interest and costs. *See Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997) ("As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint."); *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d

8

Cir. 1993).

### B. Complete Diversity of Citizenship Exists Between Plaintiff and the Only Remaining Defendant.

21. Plaintiffs allege to be a resident citizens of the State of Washington. *See* Exhibit B; Exhibit G ¶ 2.

22. For purposes of determining its citizenship under 28 U.S.C. §1332(c)(1), BSC is a citizen of the States of Delaware and Massachusetts because it is incorporated in the State of Delaware and has its principal place of business in Natick, Massachusetts.

23. Secant is no longer a party to this action, as it was dismissed with prejudice on August 22, 2014. *See* Exhibit D.

24. Accordingly, there is complete diversity of citizenship between the properly joined and served parties. *See* 28 U.S.C. §1332(a).

## V. CONCLUSION

WHEREFORE, Defendant Boston Scientific Corporation gives notice that the civil action docketed June Term 2014, No. 4045 in the Court of Common Pleas of Philadelphia County, Pennsylvania, is removed to this Court pursuant to 28 U.S.C. §§1332, 1441, and 1446. BSC requests that this Court retain jurisdiction for all further proceedings in this matter until such time as it is transferred to the appropriate MDL.

THIS, the 16th day of October, 2014.

                                           _____
Joseph H. Blum
PA Attorney No. 36874
Erin P. Loucks
PA Attorney No. 204507
SHOOK, HARDY & BACON, L.L.P.
Two Commerce Square
2001 Market Street, Suite 3000
Philadelphia, PA 19103-7014
Telephone: 215.278.2555
Facsimile: 215.278.2594
Email: jblum@shb.com
           eloucks@shb.com

**Attorneys for Defendant**
**Boston Scientific Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that, on October 16, 2014, I filed the foregoing Notice of Removal with the Clerk for the Eastern District of Pennsylvania and caused a true and correct copy of the same to be sent via United States Mail, postage prepaid, or hand delivery to:

Lee B. Balefsky, Esq.
Michelle L. Tiger, Esq.
KLINE & SPECTER
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff*

Erin P. Loucks