# EXHIBIT A

THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
PHILADELPHIA COURT OF COMMON PLEAS
TRIAL DIVISION - CIVIL

| | | |
|---|---|---|
| IN RE: PELVIC MESH LITIGATION | : | FEBRUARY TERM  2014 |
| | : | |
| | : | |
| | : | **DOCKETED**<br>**COMPLEX LIT CENTER** |
| | : | |
| MASTER DOCKET | : | NO.:   829   FEB 1 1 2014 |

**J. STEWART**

## ORDER

   **AND NOW**, this // day of **February 2014**, it is hereby **ORDERED** that all

currently filed Pelvic Mesh matters shall be transferred to the Complex Litigation Center

Pelvic Mesh Mass Tort Program and coordinated under the above-captioned Master

Docket.  Counsel shall immediately confer and agree on the content of Case Management

Order No. 1 and advise the Court within twenty (20) days.  Upon failure to agree, the

Court shall be so notified and the Court will issue Case Management Order No. 1.

   It is further **ORDERED** that all responsive pleading obligations are stayed until

such time as responsive pleading deadlines are established under Case Management

Order No. 1.


BY THE COURT

In Re: Pelvic Mesh Litigation-ORDER

*(barcode)*
14020082900002

ARNOLD L. NEW, J.
Coordinating Judge
Complex Litigation Center



DOCKETED
COMPLEX LIT CENTER

MAR 3 1 2014

**J. STEWART**

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

| | | |
|---|---|---|
| IN RE: PELVIC MESH LITIGATION | : | FEBRUARY TERM 2014 |
| | : | |
| | : | |
| MASTER DOCKET | : | NO. 829 |

In Re: Pelvic Mesh Litigation-ORDER



14020082900003

### CASE MANAGEMENT ORDER NO. 1:
### GOVERNING ALL PELVIC MESH CASES

It is the goal of this Court to secure the just, speedy, and cost-effective determination of

each case filed by a Plaintiff alleging injuries as a result of her usage of pelvic surgical mesh

products sold by Ethicon, Inc., Boston Scientific Corporation, C. R. Bard, Inc., and American

Medical Systems (collectively "Pelvic Mesh Cases") now pending or hereafter filed in the Court

of Common Pleas, Philadelphia County, Pennsylvania, and to eliminate duplication of effort,

prevent unnecessary paperwork, and promote judicial economy.

In order to achieve these objectives, the following Case Management Order No. 1 is

entered this _31st_ day of March, 2014 for all individual Pelvic Mesh Cases that are presently

pending or hereafter filed in the Philadelphia Court of Common Pleas. This Order supersedes

any other Case Management Order previously entered in any case coordinated in this litigation.

### I.     PELVIC MESH CASES DOCKET

The Court has established a Pelvic Mesh Docket at February Term 2014, No. 829. This

docket number was established as a depository for the filing of pleadings, motions, orders, and

other documents common to the Pelvic Mesh Cases. Once a pleading, motion, order, or other

document is filed on this docket and copies are provided to all other interested counsel involved

in the Pelvic Mesh Cases, the pleading, motion, order, or other document may be incorporated by

reference, either orally before the Court, or within another properly filed pleading, motion, order,

or other document.

## II.    TEMPORARY STAY ON RESPONSIVE PLEADINGS OBLIGATIONS AND ON FILING DISPOSITIVE MOTIONS

All responsive pleading obligations are stayed until such time as responsive pleadings are due under the relevant Sections below.  All discovery obligations are stayed until such time as ordered by the Court.  The parties in these cases are directed to refrain from filing any potentially dispositive motions (i.e., Motions for Summary Judgment, Motions for Judgment on the Pleadings), except as detailed in this and future Orders.  Any and all trial settings are stayed until such time as ordered by this Court.  However, no current or future party has waived any rights, claims, or defenses existing at the time of the execution of this Order.  The Court is aware of Motions for Judgment on the Pleadings in several Pelvic Mesh Cases currently pending before the Honorable Frederica A. Massiah-Jackson.  All briefing on these motions is stayed until further order of this Court.

### III.    PLEADINGS

### A.    MASTER LONG FORM COMPLAINT

1.      Plaintiffs will submit a proposed *Master Long Form Complaint* and *Short Form Complaint* to Defendants by April 4, 2014.  Defendants will meet and confer with Plaintiffs prior to the filing of any *Master Preliminary Objections*.  Within twenty (20) days of that meeting or of the filing and valid service of the *Master Long Form Complaint* on a Defendant, whichever is later, if no agreement has been made, that Defendant may file *Master Preliminary Objections*.  Otherwise, the Defendant will file a *Master Answer*.  The *Master Long Form Complaint* must be served on each Defendant, in accordance with the provisions of this Order, before a response is required by that Defendant.

2.      Plaintiffs shall have twenty (20) days to respond to the *Master Preliminary Objections*, if any, and any replies thereto shall be filed within ten (10) business days of service.

3.      The Court will rule on the *Master Preliminary Objections*.  The Court's ruling on the *Master Preliminary Objections* will be binding on all current and future Pelvic Mesh Cases.

4.      If *Master Preliminary Objections* are sustained to one or more counts in the *Master Long Form Complaint* for the Pelvic Mesh Cases, Plaintiffs, if so ordered, shall file a conforming *Amended Master Long Form Complaint* within twenty (20) days of the Order sustaining the *Master Preliminary Objections*.

5.      All *Short Form Complaints* and all *Master Answers* are deemed to follow the most current *Amended Master Long Form Complaint* and *Answer*, respectively.

6.      If *New Matter* is pleaded in the *Master Answer*, such *New Matter* will be deemed denied, and Defendants' exceptions to the denials are preserved and Plaintiffs are not required to file any further responsive pleadings to Defendants' *New Matter* asserted in the *Master Answer*.

**B.      PREVIOUSLY FILED CASES**

1.      The *Master Long Form Complaint* for the Pelvic Mesh Cases will substitute and supersede all Complaints filed in individual Pelvic Mesh Cases pending in the Philadelphia County Court of Common Pleas.  If any Complaint filed before the *Master Answer* asserts claims not asserted in the *Master Long Form Complaint*, those claims are deemed withdrawn without prejudice.  In all respects, the *Master Long Form Complaint* controls over allegations contained in any previously filed Complaint.  The filing of the *Master Long Form Complaint* does not toll any applicable statute of limitations in individual cases.

2.      Defendants shall have no obligation to answer any complaint filed before the *Master Long Form Complaint*.

3.      Within twenty-five (25) days of the filing of the *Master Answer*, each Plaintiff in a Pelvic Mesh Case, whether initiated by Writ of Summons or Complaint, shall file a *Short Form Complaint*, in a form to be agreed upon with Defendants' counsel, using each action's original

court term and number.  Plaintiffs shall indicate in each *Short Form Complaint* those counts of

the *Master Complaint* that are incorporated by reference.

      4.      Any case previously initiated by a Writ of Summons and served on Defendants

shall be subject to dismissal in accordance with the notice provision of Pennsylvania Rules of

Civil Procedure 237.1 if the *Short Form Complaint* is not filed in accordance with this

paragraph.

      5.      All allegations in *Short Form Complaints* will be deemed denied, and Defendants

are not required to file answers to *Short Form Complaints*, unless any Plaintiff alleges a cause of

action not included in the *Master Long Form Complaint*, in which case Defendants may file a

*Preliminary Objection* to any such count.  If additional causes of action are alleged in a *Short

Form Complaint*, the specific facts supporting these allegations shall be pleaded in accordance

with the Pennsylvania Rules of Civil Procedure, and the defendants against whom they are

alleged must be specifically identified on a separate sheet of paper attached to the *Short Form

Complaint*.  An entry of appearance by defense counsel shall constitute a denial of all allegations

in the *Short Form Complaint* for Pelvic Mesh Cases, and an assertion of all applicable new

matters and defenses.

      6.      Defendants will not file *Preliminary Objections* challenging claims as to which

*Preliminary Objections* have previously been overruled.

      7.      As set forth above, if additional causes of action are alleged in a *Short Form

Complaint*, Defendants shall have twenty (20) days to file *Preliminary Objections* to the *Short

Form Complaint*.  Plaintiffs shall have twenty (20) days from the date of service of *Preliminary

Objections* to file a response, and Defendants shall file any replies thereto within ten (10) days

from the date of service.

8.     The Court will rule on the *Preliminary Objections*.  Whether a hearing thereon is scheduled, is solely within the discretion of the Court.

9.     If the Court's ruling on *Preliminary Objections* to a *Short Form Complaint* does not provide for the filing of an *Amended Short Form Complaint*, the remaining allegations of the *Short Form Complaint* shall be deemed denied.

10.    If any of the Court's rulings permit a Plaintiff to file an *Amended Short Form Complaint*, Defendants shall be afforded twenty (20) days after service of the *Amended Short Form Complaint* in which to file a responsive pleading.

11.    If no responsive pleading is filed, allegations in an *Amended Short Form Complaint* will be deemed denied.

## C.     NEWLY FILED CASES

1.     Any newly filed Pelvic Mesh Case shall be filed by Writ of Summons until a *Master Answer* is filed.  Within thirty (30) days of the filing of the *Master Answer* or the Court's ruling on the *Master Preliminary Objections*, each Plaintiff in a newly filed Pelvic Mesh Case shall file a *Short Form Complaint,* in a form to be agreed upon with Defendants' counsel. Thereafter, all newly filed cases shall be initiated via *Short Form Complaint.*  If suit is instituted by a *Writ of Summons*, it is self-executing and Plaintiff shall file a *Short Form Complaint* within twenty (20) days without the need of a Rule to File a Complaint.  If Plaintiff fails to file a *Short Form Complaint* within thirty (30) days of the filing of the *Writ of Summons*, Defendants shall notify Plaintiffs' counsel by email that they intend to move for dismissal because a Complaint has not been filed.  If a Complaint is not filed within ten (10) days of that email, Defendants may make application to the Court for dismissal of the action in accordance with the notice provision of Pennsylvania Rules of Civil Procedure 237.1 without the need to file a Rule to File a Complaint.

2.      Plaintiffs shall indicate in each *Short Form Complaint* those counts of the *Master Long Form Complaint* that are incorporated by reference.

3.      If additional causes of action are alleged in a *Short Form Complaint*, the specific facts supporting these allegations shall be pleaded in accordance with the Pennsylvania Rules of Civil Procedure, and the defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to the *Short Form Complaint*.

4.      An entry of appearance shall constitute a denial of all allegations in *Short Form Complaint,* and any amendments thereto, and an assertion of all applicable defenses.

5.      Defendants shall not file *Preliminary Objections* challenging claims as to which *Master Preliminary Objections* have previously been overruled.  As set forth above, if additional causes of action are alleged in a *Short Form Complaint*, Defendants shall have twenty (20) days to file *Preliminary Objections* to the *Short Form Complaint*.  Plaintiffs shall have twenty (20) days from the date of service of *Preliminary Objections* to file a response, and Defendants shall file any replies thereto within ten (10) days from the date of service.

6.      The Court will rule on the *Preliminary Objections*.

7.      If the Court's ruling on *Preliminary Objections* to a *Short Form Complaint* does not provide for the filing of an *Amended Short Form Complaint*, the remaining allegations of the *Short Form Complaint* shall be deemed denied.

8.      If any of the Court's rulings permit a plaintiff to file an *Amended Short Form Complaint*, Defendants shall be afforded twenty (20) days after service of an *Amended Short Form Complaint* in which to file a responsive pleading.

**D.      SERVICE ON LIAISON COUNSEL**

1.      Defendants shall serve all documents under the "Pelvic Mesh Litigation" master caption on Plaintiffs' Liaison Counsel.  Service on Plaintiffs' Liaison Counsel shall be deemed

as service on all counsel, and Plaintiffs' Liaison Counsel shall be responsible for disseminating to all co-counsel.  The parties will serve these documents to Plaintiffs' Liaison Counsel electronically in PDF or similar format.  Other Plaintiffs' counsel who are counsel of record for cases pending in these Pelvic Mesh Cases who would like copies of these documents may be bound by the terms of a Protective Order that may be entered by this Court and must make arrangements through Plaintiffs' Liaison Counsel for the Pelvic Mesh Cases if they wish to obtain copies of these documents.

     2.     Plaintiffs shall serve all documents under the "Pelvic Mesh Litigation" master caption on counsel for each defendant identified in the *Master Long Form Complaint* or any amendments thereto.

     3.     All documents shall be served in accordance with the Pennsylvania Rules of Civil Procedure and the Philadelphia Court of Common Pleas Mass Tort Program and Complex Litigation Center rules.

     4.     All case specific documents shall be served on proper individual counsel in a manner consistent with the Pennsylvania Rules of Civil Procedure and the Philadelphia Court of Common Pleas Mass Tort Program and Complex Litigation Center rules.

## IV.    APPOINTMENT OF LIAISON COUNSEL

   1.     The following attorneys are hereby appointed as Liaison Counsel:

     Plaintiffs' Liaison Counsel:

> Lee B. Balefsky, Esquire
> Michelle L. Tiger, Esquire
> Kline & Specter, P.C.
> 1525 Locust Street
> Philadelphia, PA  19102
> Telephone: (215) 772-1000
> Fax: (215) 772-1359
> lee.balefsky@klinespector.com

Clayton Clark, Esquire
Clark, Love & Hutson
440 Louisiana Street
Suite 1600
Houston, TX 77002
cclark@triallawfirm.com

Defendants' Liaison Counsel:

Kenneth A. Murphy, Esquire
Drinker Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Fax: (215) 988-2757
kenneth.murphy@dbr.com

Joanna T. Vassallo, Esquire
Shook, Hardy & Bacon LLP
One Liberty Place
1650 Market Street, Suite 3030
Philadelphia, PA 19103-7301
Telephone: (215) 278-2555
Fax: (215) 278-2594
jvassallo@shb.com

2.      No communications among Plaintiffs' Counsel or among Defendants' Counsel

shall be taken as a waiver of any privilege or protection to which they would otherwise be

entitled.

3.      The Liaison Counsel will be responsible for the drafting, coordination,

propounding, and scheduling of all master discovery requests and depositions.  In addition, the

Liaison Counsel will be responsible for all future case management orders, pleadings, responses,

and any other documents that affect all actions in this litigation.

4.      All issues of service of papers of Liaison Counsel shall be governed by

Section III.D.

- 8 -

## V.    MOTIONS

All motions filed in the Pelvic Mesh Cases, including *Preliminary Objections*, shall be in letter format pursuant to mass tort motion procedure.

## VI.    SERVICE OF PROCESS

All defendants shall be served with original process pursuant to the applicable Pennsylvania Rules of Civil Procedure.

## VII.    FURTHER ORDER

The parties shall prepare for review and approval by the Court such other Case Management Orders as are required, including, without limitations, orders governing deposition procedures and scheduling (including coordination with other pelvic mesh litigation), pretrial proceedings and trial proceedings.

BY THE COURT:


_____

ARNOLD L. NEW, J.
Coordinating Judge
Complex Litigation Center